# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENT N. KING, | CASE NO. 1:06-CV-00108 AWI SMS P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COM PLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM AGAINST DEFENDANT GOMEZ |
| v. | |
| G. TRACY, et al., | |
| Defendants. | (Doc. 1) |

I.  Screening Order

   A.  Screening Requirement

Plaintiff Lent N. King ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 1, 2006. Plaintiff is seeking money damages against defendants Lieutenant G. Tracy, Sergeant A. Trujillo, Correctional Officers A. B. Gomez, L. Chavira, M. Portillo, J. Raya, Soto, Auran, Cruz, and Leos, and Medical Technical Assistants Prince and Maciel for allegedly violating his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment. The events giving rise to plaintiff's claims allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

    B.    Plaintiff's Claims

        1.    Eighth Amendment Medical Care Claims

           a.    Defendants Raya and Soto

Plaintiff alleges that he is classified as a Developmentally Disabled Person and is a participant in the Mental Health Services Delivery System at the Correctional Clinical Case

///

Management System level of care. Plaintiff takes psychotropic medication and alleges he was deprived of his medication for several days during an institutional lock-down.

On November 13, 2003, when plaintiff's cellmate left for breathing treatment, plaintiff notified him that plaintiff was in need of medication. Thereafter, plaintiff notified defendant Soto he was having psych problems, including hearing voices and seeing blood oozing from the walls, but Soto did not comment or take any action. Plaintiff's cellmate returned and informed plaintiff he told medical staff of the situation but plaintiff's medication was not going to be delivered. Plaintiff exited the open cell door and informed defendant Raya that he was having problems and needed psych treatment. Defendant Raya ordered plaintiff to return to the cell.

Plaintiff alleges defendants Raya and Soto "intentionally and negligently failed and refused to permit Plaintiff to gain access to the mental health care staff for required treatment." (Comp., 7:22-24.) Plaintiff alleges defendants Raya and Soto had a duty to provide assistance on November 13, 2003, but breached their duty and as a result, he "continued to experience symptoms of mental illness and psychological injury." (Comp., 8:1-3.)

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate

3

1  indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd.
2  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).
3       Plaintiff has not alleged any facts which would support a claim that defendants Soto and Raya
4  "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837.
5  "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard,
6  the prison official must not only 'be aware of the facts from which the inference could be drawn that
7  a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057
8  (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was
9  not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.
10 (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Mere
11 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."
12 Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle v. Gamble, 429
13 U.S. 97, 105-06 (1976). Even gross negligence is insufficient to establish deliberate indifference to
14 serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The
15 allegation that plaintiff informed defendants he was having psych problems, but defendants did not
16 immediately provide him with treatment does not support a claim that defendants' inaction rose to
17 the level of an Eighth Amendment violation.

18            b.    Defendants Leos, Cruz, Auran, Prince, and Maciel

19     Following the incident of excessive physical force, set forth in the following subsection,
20 plaintiff began receiving treatment for neck and back injuries on December 4, 2003. Plaintiff alleges
21 that on December 23, 2003, he began telling defendants Leos, Cruz, Auran, Prince, and Maciel that
22 Dr. Vahid Vahi ordered plaintiff be relocated from an upper bunk to a lower bunk, but defendants
23 failed to accommodate him. On December 28, 2003, plaintiff lost his balance while descending from
24 the top bunk due to vertigo and fell to the ground, hitting his head and back. Plaintiff was admitted
25 to the infirmary for treatment of his injuries.
26     Plaintiff's allegations fall short of supporting a claim that he had a serious medical need for
27 a lower bunk, defendants knew he had a serious medical need for a lower bunk, and defendants
28 disregarded an excessive risk to his safety. Although the court is mindful of notice pleadings

standards, "[d]eliberate indifference is a high legal standard," Toguchi, 391 F.3d at 1060, and even gross negligence is insufficient to rise to the level of an Eighth Amendment violation, see Wood, 900 F.2d at 1334. Plaintiff's allegations are simply not sufficient to support a claim that defendants violated the Eighth Amendment.

### 2. Eighth Amendment Excessive Force Claim

After defendant Raya ordered plaintiff back in his cell, he hesitated and defendant Soto locked him in the lower tier shower. Defendants Portillo, Chavira, and Gomez arrived and removed plaintiff from the shower, denying his request to speak with Sergeant Trujillo. As plaintiff was being escorted back to his cell by defendant Portillo, he informed the officers that he was having problems such as seeing blood oozing from the walls and hearing voices. Plaintiff requested to be seen by mental health staff and told them that he was scared to return to the cell. Defendant Gomez grabbed plaintiff's arm and ordered him to keep walking. Plaintiff alleges that when the cell door was opened, defendant Portillo slid it into plaintiff's left leg and when plaintiff attempted to push the door off his leg, defendant Gomez grabbed his collar and forced him to the ground. The officers activated their personal alarms and defendants Chavira and Soto responded to the scene. Plaintiff, who was wearing hand and leg restraints, alleges he did not resist at any time but defendant Gomez placed his knee on plaintiff's neck and torso and used such force that he injured plaintiff. Plaintiff alleges the incident lasted for ten or fifteen minutes. Plaintiff was briefly seen at the medical clinic but not treated, and was transferred to administrative segregation on the orders of defendant Tracy.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth

5

Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Pursuant to minimal notice pleading standards, plaintiff's allegations give rise to a claim for relief under section 1983 against defendant Gomez for use of excessive force. Fed. R. Civ. P. 8(a). However, plaintiff has not alleged any facts which would support an excessive force claim against any other named defendant.

### 3. Personal Injury Claim

In his complaint, plaintiff alleges a claim for relief for "Personal Injury." (Comp., pg. 9.) To state a claim under section 1983, a plaintiff must plead that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "Personal injury" is not a legal claim under federal law. Plaintiff has alleged claims under the Eighth Amendment arising from the injuries he alleges he sustained as a results on the incident of excessive force and failure to provide medical care. No other general "personal injury" claim exists for these injuries under section 1983. Accordingly, plaintiff fails to state a claim for relief under section 1983 for "personal injury."

///

///

4.     Due Process Claims

Plaintiff alleges he was denied due process with respect to his disciplinary hearing when Lieutenant Wood denied his request for an investigative employee, and when Correctional Office Miller refused to assist plaintiff or conduct any investigation on plaintiff's behalf. Plaintiff also alleges that his due process rights were violated by defendant Tracy, who ordered that plaintiff be transferred to administrative segregation, and defendant Trujillo, who refused to process plaintiff's administrative grievance.

a.     Disciplinary Hearing

Plaintiff's exhibits demonstrate that he was charged with resisting staff resulting in the use of physical force. (Exhibit E, Comp., pg. 57.) Plaintiff was found guilty of willfully resisting a peace officer and assessed a credit forfeiture of sixty-one days. (Id.) Although it is not entirely clear, the punishment may have been reduced to counseling and a reprimand due to plaintiff's mental health problems. (Id.)

There are several problems with plaintiff's attempt to state a due process claim based on his disciplinary hearing. First, neither Wood nor Miller is named as a defendant in this action, and there are no allegations linking any other named defendant to plaintiff's disciplinary hearing. Therefore, no claim is stated in the complaint for denial of due process with respect to the disciplinary hearing.

Second, the Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Such interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

It is not clear what liberty interest plaintiff was allegedly deprived of. Plaintiff does have a liberty interest in his time credits. However, if plaintiff was in fact assessed a credit forfeiture and

his claim is based on the deprivation of his credits without due process of law, plaintiff's claim is presently barred. Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the loss of time credits imposed as punishment at a disciplinary hearing affects the duration of an inmate's sentence, a claim for deprivation of the credits without due process of law would be barred until such time as the inmate invalidated the result of the disciplinary hearing. In this instance, to the extent that plaintiff lost sixty-one days of credit, plaintiff has not alleged he overturned the result of the disciplinary hearing. If plaintiff is attempting to assert the deprivation of some other liberty interest without due process of law, plaintiff's complaint contains no facts supporting such a claim.

### b. Placement in Administrative Segregation

Plaintiff's conclusory allegation that defendant Tracy ordered plaintiff's placement in administrative segregation and failed to safeguard plaintiff's rights does not state a claim. Plaintiff has not alleged any facts demonstrating the existence of a liberty interest in remaining free from administrative segregation, Sandin, 515 U.S. at 484; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997), and, assuming the existence of a protected liberty interest, plaintiff has not alleged any facts supporting a claim that he was deprived of the very minimal procedural protections he is due under federal law when placed in administrative segregation, Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).

### c. Inmate Appeals Process

Plaintiff's due process claim against defendant Trujillo is premised on Trujillo's interference with his attempt to pursue an inmate appeal. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals

because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability in this action. Buckley, 997 F.2d at 495. Accordingly, plaintiff's attempt to state a due process claim as a result of the handling of his inmate appeal by defendant Trujillo fails as a matter of law.

### 5.   Cruel and Unusual Punishment Claim

Finally, plaintiff alleges a claim for relief for "Cruel and Unusual Punishment." (Comp., pg. 12.) The Eighth Amendment protects against cruel and unusual punishment, which includes the use of excessive physical force, the denial of medical care, and unsafe conditions of confinement. Plaintiff alleged Eighth Amendment claims based on excessive force and denial of medical care. Plaintiff's general claim for "Cruel and Unusual Punishment" does not set forth any allegations or incidents that were not covered by his excessive force and medical care claims. Accordingly, plaintiff's fifth claim for relief is not cognizable under section 1983, because there is no general claim for cruel and unusual punishment available to plaintiff where his specific Eighth Amendment claims have already been pled.

### C.   Conclusion

The court finds plaintiff's complaint states a claim for relief under section 1983 against defendant Gomez for use of excessive force, in violation of the Eighth Amendment. However, plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendant Gomez on his excessive force claim, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285

form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Gomez.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Gomez on his Eighth Amendment excessive force claim; and

///
///
///
///
///

3.     If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:     October 4, 2006**                        **/s/ Sandra M. Snyder**
icido3                                                UNITED STATES MAGISTRATE JUDGE