# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENT N. KING, | CASE NO. 1:06-cv-00108-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED, AND THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST |
| v. | |
| G. TRACY, et al., | |
| Defendants. | (Doc. 21) |

I.  Findings and Recommendations Addressing Defendant's Motion to Dismiss

A.  Procedural History

Plaintiff Lent N. King ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed February 1, 2006, against defendant Gomez ("defendant") for use of excessive physical force, in violation of the Eighth Amendment. On March 5, 2007, defendant filed a motion to dismiss for failure to exhaust and for failure to state a claim. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on May 14, 2007, and defendant filed a reply on May 17, 2007.[1]

B.  Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on December 20, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 18.)

available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.   Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendant argues that he is entitled to dismissal because plaintiff failed to exhaust the inmate appeals process. In support of his motion, defendant submits evidence that plaintiff did not file an

1  appeal at any level of review. (Doc. 21, Castillo Dec. ¶7; Grannis Dec., ¶5.) Although plaintiff did
2  submit an appeal to the Ombudsman's Office, it was returned to him with instructions to submit the
3  appeal to the appeals office. (Castillo Dec., ¶6.)

4  Defendant has met his burden as the party moving for dismissal. The burden therefore shifts
5  to plaintiff to set forth evidence demonstrating that he exhausted the available administrative
6  remedies.

7  In his opposition, plaintiff argues that he filed an inmate complaint against defendant on
8  November 13, 2003, and that after receiving no response, he addressed his concerns to the
9  Ombudsman, Warden Scribner, and the appeals coordinator, but his appeal was rejected, fulfilling
10 the exhaustion requirement. In support of his opposition, plaintiff submits his declaration that he
11 timely filed an inmate appeal on November 13, 2003, copies of letters to Warden Scribner and the
12 appeals coordinator dated June 5, 2005, and a copy of the screening notice rejecting his appeal on
13 June 11, 2005, as untimely. (Doc. 23, pgs. 5, 6, 11, & 17, ¶7.)

14 Plaintiff's bare assertion that he filed an inmate appeal is insufficient to defeat defendant's
15 motion. "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct.
16 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and
17 other critical procedural rules . . . ," id. at 2386. The court is mindful that the failure to respond to
18 a properly filed grievance may result in a finding that exhaustion occurred. Lewis v. Washington,
19 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes
20 unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district
21 court did not err when it declined to dismiss claim for failure to exhaust where prison failed to
22 respond to grievance); see also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005). Here,
23 however, plaintiff has not submitted any evidence demonstrating that he properly filed an appeal on
24 November 13, 2003, by complying with all the applicable procedural rules. Plaintiff's letters to
25 Warden Scribner and the appeals coordinator are of no assistance to him in this matter because those
26 attempts were initiated more than a year and a half after plaintiff allegedly submitted an appeal of
27 defendant's misconduct. At that juncture in time, the appeals coordinator properly rejected the
28 ///

1 appeal as untimely, Cal. Code Regs., tit. 15 § 3084.6(c), and an untimely appeal does not satisfy the
2 exhaustion requirement, Woodford, 126 S.Ct. at 2382.

3     D.    Conclusion

4 Based on the foregoing, the court HEREBY RECOMMENDS that defendant's motion to
5 dismiss for failure to exhaust, filed March 5, 2007, be GRANTED, and this action be dismissed,
6 without prejudice, based on plaintiff's failure to exhaust.

7 These Findings and Recommendations will be submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
9 **days** after being served with these Findings and Recommendations, the parties may file written
10 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
11 Findings and Recommendations."  The parties are advised that failure to file objections within the
12 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
13 1153 (9th Cir. 1991).

15 IT IS SO ORDERED.

16 **Dated:    May 24, 2007**                    /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE