UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENT N. KING, | 1:06-cv-00108-AWI-SMS PC |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST** |
| vs. | |
| G. TRACY, et al., | |
| Defendants. | (Docs. 21 and 25) |

Plaintiff Lent N. King ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 25, 2007, the Magistrate Judge filed a Findings and Recommendations that recommended Defendants' motion to dismiss be granted and the complaint be dismissed for Plaintiff's failure to exhaust administrative remedies prior to suit.  The Findings and Recommendations were served on the parties and contained notice to the parties that any objections to the Findings and

1  Recommendations were to be filed within thirty days.  On June 22,
2  2007, Plaintiff filed an Objection to the Magistrate Judge's
3  Findings and Recommendations.
4      In accordance with the provisions of 28 U.S.C. §
5  636(b)(1)(C) and Local Rule 73-305, this Court has conducted a <u>de
6  novo</u> review of this case.  Having carefully reviewed the entire
7  file, the Court finds the Findings and Recommendations to be
8  supported by the record and by proper analysis.
9      As explained by the Magistrate Judge, the Prison Litigation
10 Reform Act of 1995 provides that "[n]o action shall be brought
11 with respect to prison conditions under [42 USC § 1983], or any
12 other Federal law, by a prisoner confined in any jail, prison, or
13 other correctional facility until such administrative remedies as
14 are available are exhausted." 42 USC § 1997e(a).  Here,
15 Defendant's motion contends Plaintiff failed to exhaust
16 administrative remedies.  Plaintiff maintains in his objections,
17 as he did in his opposition to Defendant's motion, that he filed
18 an administrative appeal that was not responded to.  In the
19 Findings and Recommendations, the Magistrate Judge found that
20 while the failure to respond to a properly field grievance may
21 result in a finding that exhaustion occurred, Plaintiff had not
22 submitted any evidence demonstrating that he properly filed an
23 appeal that complied with all applicable procedural rules.
24     In the objections, Plaintiff now states that on November 13,
25 2003, Plaintiff timely filed an inmate complaint (602) against
26 Defendants and did not receive a response within the required
27 time frame.  While this statement asserts a timely appeal, it
28 does not state that the appeal was filed pursuant to applicable

2

1  procedural rules.  Regardless, this statement is merely an
2  assertion in Plaintiff's objections.  Plaintiff has still not
3  provided evidence, such as his own declaration, of this fact.  A
4  document must be verified to constitute an affidavit.  See Moran
5  v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).  Here,
6  Plaintiff's objections are not submitted as setting forth true
7  facts under penalty of perjury.  Thus, Plaintiff has not
8  submitted evidence to show that he properly filed his
9  administrative appeal.
10         Accordingly, IT IS HEREBY ORDERED that:
11     1.   The Findings and Recommendations, filed May 25, 2007,
12          is ADOPTED IN FULL;
13     2.   Defendant's motion to dismiss, filed March 5, 2007, is
14          GRANTED; and,
15     3.   This action is DISMISSED, without prejudice, based on
16          plaintiff's failure to exhaust.

IT IS SO ORDERED.

**Dated:   July 27, 2007**               /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE